# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:23-CR-041-8-ADA |
| | § | |
| **DESTINY NICOLE MENDIETA** | § | |
| | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ALAN D ALBRIGHT,
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the Defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

### I. PROCEDURAL BACKGROUND

The Defendant was convicted of Misprision of a Felony, in violation of 18 U.S.C. § 4. The Defendant was sentenced to imprisonment for a total term of time served, followed by a one (1) year term of supervised release. Defendant was released to supervision on November 20, 2024.

On December 10, 2024, the United States Probation Office filed a Petition for Warrant or

1

Summons for Offender Under Supervision, alleging the Defendant violated the terms of her supervision and seeking a show-cause hearing as to why the Defendant's supervision should not be revoked. On December 30, 2024, the United States Probation Office filed an Amended Petition adding Violation Number 2. The Amended Petition alleges the Defendant violated the terms of her supervision in the following instances:

> **Violation No. 1:** The defendant violated standard condition number 1, the defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of release from imprisonment. To date, the defendant has not contacted the United States Probation Office.
>
> **Violation Number 2**: The defendant violated mandatory condition number 1, the defendant was arrested for Possession of Marijuana, Resisting Arrest and Fail to ID on or about December 16, 2024.

At the hearing, Defendant pleaded NO CONTEST to violation numbers 1 and 2. The petition contained a sufficient factual basis to support the violations.

## II.  **FINDINGS OF THE COURT**

1. The Defendant violated the conditions of her supervision as alleged in the petition.

2. The Defendant was competent to make the decision to enter a plea of NO CONTEST to the allegations underlying violations number 1 and 2.

3. The Defendant had both a factual and rational understanding of the proceedings against her.

4. The Defendant did not suffer from any physical or mental impairment that would affect her ability to fully understand the charges against her or the consequences of her plea.

5. The Defendant was not under the influence of any drugs, alcohol, or medication that would affect her judgment in entering a plea or that would affect her understanding of the basis, consequences, or effect of her plea.

6. The Defendant was sane and mentally competent to stand trial for these proceedings.

7. The Defendant was sane and mentally competent to assist her attorney in the preparation and conduct of her defense.

8. The Defendant received a copy of the petition naming her, and he either read it or had it read to her.

9. The Defendant understood the petition and the charges alleged against her.

10. The Defendant had a sufficient opportunity to discuss the petition and charges with her attorney.

11. The Defendant was satisfied with the job her attorney has done and had no complaints about her attorney.

12. The Defendant understood that she had the right to plead NOT TRUE and proceed with a hearing at which he could present evidence and cross-examine witnesses.

13. The Defendant freely, intelligently, and voluntarily entered her plea of NO CONTEST to the allegations in violation numbers 1 and 2.

14. The Defendant understood her statutory and constitutional rights and desired to waive them.

15. The petition contains a sufficient factual basis to support Defendant's pleas of TRUE to violation numbers 1 and 2.

### III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the Defendant be continued on supervised release, with all of the previous conditions of supervised release contained in the Amended Judgment (ECF No. 368 at 3-4) to continue to apply.  This includes the requirement that "the defendant shall reside in a Residential Reentry Center for a period of up to six months and shall observe the rules and regulations of the facility." ECF No. 368 at 3. It is therefore **RECOMMENDED** that Defendant complete a substance abuse treatment program at a Cenikor Treatment Facility or similar in-patient treatment facility, and once that is completed, to reside at a halfway house that is acceptable to Defendant's probation officer. Finally, it is **RECOMMENDED** that it be **ORDERED** that if Defendant again violates the terms of her supervised release, she be brought before the undersigned for any supervised release revocation hearing, if at all possible.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 31st day of December, 2024.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE