**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 6:23-CR-41-ADA** |
| | § | |
| **DESTINY NICOLE MENDIETA** | § | |
| | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ALAN D ALBRIGHT,
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

**I.  PROCEDURAL BACKGROUND**

On November 20, 2024, DESTINY NICOLE MENDIETA was sentenced to time served, followed by a 12-month term of supervised release, for misprision of a felony in violation of 18 U.S.C. § 4. She began her supervised release the same day.

On [dat, the United States Probation Office filed an Amended Petition for Warrant or Summons for Offender Under Supervision, alleging the defendant violated the terms of his supervision in the following ways:

**Violation Number 1:** The defendant violated standard condition number 1, the defendant shall report to the probation office in the federal judicial

district where he or she is authorized to reside within 72 hours of release from imprisonment.

**Violation Number 2:** The defendant violated standard condition number 2, the defendant shall report to the probation officer as instructed.

**Violation Number 3:** The defendant violated one of her additional conditions, the defendant failed to reside in a residential reentry center for a period of up to six months.

**Violation Number 4:** The defendant violated mandatory condition number 3, the defendant shall refrain from unlawful use of a controlled substance.

**Violation Number 5:** The defendant violated standard condition number 13, the defendant shall follow the instruction of the probation officer related to the conditions of supervision.

**Violation Number 6:** The defendant violated one of her special conditions, the defendant failed to complete a substance abuse treatment program at an in-patient treatment facility.

**Violation Number 7:** The defendant violated mandatory condition number 1, the defendant committed the subsequent offense of Unauthorized Use of a Vehicle on or about February 10, 2025.

**Violation Number 8:** The defendant violated mandatory condition number 1, the defendant committed the subsequent offense of Failure to ID and Possession of a Controlled Substance on or about February 14, 2025.

**Violation Number 9:** The defendant violated standard condition number 8, the defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

On December 2, 2025, the Court held a hearing on the petition. At the hearing, the Government orally abandoned Violation Number 7 and Violation Number 8 due to the State's denial of prosecution on both alleged offenses. Considering the Government's abandonment, the hearing proceeded solely on Violation Numbers 1-6 and Violation Number 9. At the hearing, the

defendant pled **TRUE** to Violation Numbers 1-6 and Violation Number 9. The petition contained a sufficient factual basis to support a plea of **TRUE**.

## II.  FINDINGS OF THE COURT

Based on the sworn statements of the defendant and other testimony at the hearing, the undersigned finds as follows:

1.   The defendant violated the conditions of her supervision as alleged in the petition.

2.   The defendant was competent to make the decision to enter a plea of **TRUE**.

3.   The defendant had both a factual and rational understanding of the proceedings against her.

4.   The defendant did not suffer from any physical or mental impairment that would affect her ability to fully understand the charges against her or the consequences of her plea.

5.   The defendant was not under the influence of any drugs, alcohol, or medication that would affect her judgment in entering a plea or that would affect her understanding of the basis, consequences, or effect of her plea.

6.   The defendant was sane and mentally competent to stand trial for these proceedings.

7.   The defendant was sane and mentally competent to assist her attorney in the preparation and conduct of her defense.

8.   The defendant received a copy of the petition naming her, and she either read it or had it read to her.

9.   The defendant understood the petition and the charges alleged against her.

10.   The defendant had a sufficient opportunity to discuss the petition and charges with her attorney.

11.     The defendant was satisfied with the job her attorney has done and had no complaints about her attorney.

12.     The defendant understood that she had the right to plead NOT TRUE and proceed with a hearing at which she could present evidence and cross-examine witnesses.

13.     The defendant freely, intelligently, and voluntarily entered her plea of **TRUE**.

14.     The defendant understood her statutory and constitutional rights and desired to waive them.

15.     The petition contains a sufficient factual basis to support the defendant's pleas of **TRUE**.

## III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that Ms. Mendieta's current supervision be **REVOKED**, and that Ms. Mendieta be sentenced to:

1.  a period of incarceration of twelve (12) months, with credit for any time already served since her arrest; and

2.  no period of supervised release to follow.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and

recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 10th day of December, 2025.

DAN MACLEMORE
UNITED STATES MAGISTRATE JUDGE